# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10318
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENNY DENNIS, also known as Bennie Dennis,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:14-CR-11-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Benny Dennis pleaded guilty pursuant to a written plea agreement to one count of distributing and possessing with intent to distribute five grams or more of methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(B). In exchange for the plea, the Government agreed to dismiss a charge under 18 U.S.C. § 922(g) of possessing a firearm after having been convicted of a felony. Dennis sought to withdraw his guilty plea after the probation officer released

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Presentence Report.  Dennis argued that his attorney gave him incorrect advice about his likely sentence.  The Government opposed his request, and the district court denied the motion.  Dennis re-urged his withdrawal request before the court imposed his sentence.  Nevertheless, the district court sentenced Dennis to 480 months of imprisonment and entered a criminal judgment against him.  The district court also dismissed the firearm charge on the Government's motion.

On appeal, Dennis argues that the district court abused its discretion in denying his request to withdraw his guilty plea.  We review a district court's denial of a defendant's request to withdraw his guilty plea for abuse of discretion.  *United States v. McKnight,* 570 F.3d 641, 645 (5th Cir. 2009).  After a district court accepts a guilty plea "but before it imposes sentence," the court may allow withdrawal of the plea if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  When applying this standard, courts consider seven factors: (1) whether the defendant asserted his innocence, (2) whether withdrawal would cause the government to suffer prejudice, (3) whether the defendant delayed in filing the motion, (4) whether withdrawal would substantially inconvenience the court, (5) whether close assistance of counsel was available, (6) whether the original plea was knowing and voluntary, and (7) whether withdrawal would waste judicial resources.  *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984).

When denying Dennis's request to withdraw his guilty plea, the district court addressed each of the *Carr* factors and concluded that the totality of the circumstances weighed in favor of the Government.  The district court emphasized that Dennis had acknowledged his guilt during his arraignment and later merely asserted his innocence without providing a substantial showing.  *See United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009).

No. 15-10318

The district court also noted that Dennis had the close assistance of counsel when he pleaded guilty, was thoroughly questioned during his plea colloquy, and filed his withdraw request nearly three months after his guilty plea. *See Carr*, 740 F.2d at 345 (motion filed twenty-two days after guilty plea was "not promptly filed"). Given the district court's consideration of each of the *Carr* factors, we conclude that the district court did not abuse its broad discretion in denying Dennis's request to withdraw his guilty plea. *See id.* at 343–44.

AFFIRMED.